Otis AVANT, Appellant,

v.

UNITED STATES, Appellee.

Fleet S. HUGHLETT, Appellant,

v.

UNITED STATES, Appellee.

Nos. 2365, 2366.

Municipal Court of Appeals for the District of Columbia.

Argued April 20, 1959.

Decided Sept. 18, 1959.

———————◆———————

Kenneth D. Wood, Washington, D. C., with whom John T. Bonner, Washington, D. C., was on the brief, for appellants.

Frank Q. Nebeker, Asst. U. S. Atty., Washington, D. C., with whom Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellants were convicted by a jury of obtaining money from the complaining witness, one Fletcher, by falsely representing to him that certain repairs had been made and certain parts replaced in his automobile.[1]

We will limit our comments on the evidence for it is our conclusion that the case must be retried. In September 1958 Fletcher took his automobile to the Credit Auto Repair Service to have specific repairs made. He conversed with appellant Avant concerning the work. The following day Avant called Fletcher and recommended additional work he considered necessary, to which Fletcher consented. A few days later, Fletcher returned to the garage, and after disagreement as to the amount of the charges, received oral representations from both appellants concerning the repair work. In early October, Fletcher went to the garage and, after receiving from appellants both oral and written representations as to the work performed upon his vehicle, paid the bill after it was adjusted. Fletcher discovered later that some of the represented repairs had not been made. There was testimony that Avant was the foreman of the shop and Hughlett his superior.

In the finding of guilt, the jury necessarily found the representations to be false. That finding was not contrary to the evidence. But, for conviction, it was also necessary to determine that appellants had knowledge of this falsity, and the instructions, which the jury received, relating to this specific aspect of the crime are assigned as error.

In instructing the jury the trial court stated:

"* * * there must be a guilty knowledge. That is to say, the person must know, who makes the false representation, that it is false, but that doesn't mean that he has to know it affirmatively * * *. If, without knowledge of whether the statement is true or false, the person nevertheless makes it recklessly and not caring whether it is true or false * * * [that] may very well impute knowledge of falsity even though this affirmative, subjective knowledge is not present * * *."

Our problem, then, is can a man be held *criminally* responsible for a statement recklessly made regardless of whether he had subjective knowledge of its falsity? In brief, what standard does this word "knowledge" require?

The government's brief, in conceding there are no cases in this jurisdiction on the point, places strong reliance upon the law of California. However, it is first necessary to determine the position of our courts before discussing California cases. Although our statute[2] does not specify the word "knowledge," it is very clearly one of the elements of this offense.[3] Even the information alleged that appellants knowingly committed these acts. Moreover, in the case of Nelson v. United

---

1. Code 1951, § 22–1301 (Supp. VII).

2. Section 1301 reads as follows: "Whoever, by any false pretense, with intent to defraud, obtains from any person anything of value, * * * shall [be guilty of a crime]."

3. Robinson v. United States, 1914, 42 App. D.C. 186.

States,[4] the element of "knowledge," along with a false representation intentionally made, and relied upon, causing complainant to be defrauded, is said to constitute this crime. The Nelson case also states, *inter alia:* " * * * The intent to injure or defraud is presumed when the unlawful act, which results in loss or injury, is proved to have been *knowingly* committed. * * * "[5] That case has considerable relevance to our problem but stops just short of solving it.[6] The problem with which we are confronted is when a statement is knowingly made, not the criminal intent in its utterance. The government's position, when viewed in the light of Nelson, would seem to be that a conviction may be sustained on the basis of a false representation recklessly made, for this would be tantamount to knowledge of its falsity, from which the intent to defraud may be presumed. Therefore, two criminal elements— knowledge and intent—could be satisfied by a reckless statement. This would place an unwarranted significance upon a reckless statement, and we will not go so far.

The government, in its brief, argues that three California cases are controlling here.[7] However, the precise question in this case seems to have been decided in another California case,[8] and, because that case decided the point contrary to our opinion, we will further discuss these cases.

The defendant in the Schmitt case argued, among other things, that the trial court's instruction, which was substantially the same as the one given in this case, permitted the jury to base its conclusion upon defendant's negligence rather than knowledge. It should be noted, however, that defendant appears to have appealed the very instruction he requested in the trial court. In finding no merit in the defendant's contention, the California appellate court relied, as have other California courts, upon the case of People v. Cummings.

It seems to have been the Cummings[9] case that first enunciated in California the proposition that a reckless disregard of fact will be sufficient for knowledge of that fact in the criminal proceeding of false pretenses. Yet upon examination it appears the proposition came into that case by way of dictum, and we feel the comments of the Supreme Court of South Dakota were appropriately made when, referring to Cummings, it said:

> " * * * It does not appear that this declaration was in any manner essential to the decision or a turning point in the case. * * * The California court appears to have had no appreciation of the fact that it was announcing a rule that had not previously been declared in the criminal law of false pretenses. * * * "[10]

Although California decisions are entitled to great weight and consideration, we conclude that the rule does not apply here.

Reversed with instructions to grant a new trial.

4. 1955, 97 U.S.App.D.C. 6, 227 F.2d 21, certiorari denied 1956, 351 U.S. 910, 76 S.Ct. 700, 100 L.Ed. 1445, Annotation, 1957, 53 A.L.R.2d 1206.

5. Id., 97 U.S.App.D.C. at page 10, 227 F.2d at page 25. (Emphasis supplied.) Cf. Morissette v. United States, 1952, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288.

6. · Nor do we feel the language of Mr. Chief Justice Shepard in Partridge v. United States, 1913, 39 App.D.C. 571, 583–584, controlling here. His comments concerning five acres of land went to the falsity of the representation, not the knowledge of it.

7. People v. Cummings, 1899, 123 Cal. 269, 55 P. 898; People v. Davis, 1952, 112 Cal.App.2d 286, 246 P.2d 160; People v. Daener, 1950, 96 Cal.App.2d 827, 216 P. 2d 511. Compare People v. Burgess, 1927, 244 N.Y. 472, 155 N.E. 745 and Rand v. Commonwealth, 1917, 176 Ky. 343, 195 S.W. 802, with State v. Pickus, 1934, 63 S.D. 209, 257 N.W. 284.

8. People v. Schmitt, 1957, 155 Cal.App.2d 87, 317 P.2d 673, 689.

9. Supra, note 7.

10. State v. Pickus, supra, note 7, 257 N.W. at pages 290–291.