**UNITED STATES of America, Appellant,**

v.

**Otis AVANT and Fleet S. Hughlett, Appellees.**

**No. 15386.**

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 21, 1960.

Decided April 7, 1960.

Mr. Frank Q. Nebeker, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellant.

Mr. Kenneth D. Wood, Washington, D. C., for appellees.

Before BAZELON, BASTIAN and BURGER, Circuit Judges.

BURGER, Circuit Judge.

We allowed an appeal from a final judgment of the Municipal Court of Appeals [1] reversing convictions of appellees in the Municipal Court for defrauding by false pretenses under D.C.Code 1951, § 22–1301 (Supp. VII 1959).

The record discloses evidence, more fully described later, that appellees had charged the complaining witness for car repairs and parts which were not in fact made or furnished.

The Municipal Court, instructing the jury on the "guilty knowledge" which must be shown, said:

"That is to say, the person must know, who makes the false representation, that it is false, *but that doesn't mean that he has to know it affirmatively* * * *. If, without knowledge of whether the statement is true or false, the person nevertheless makes it recklessly and not caring whether it is true or false * * * [that] may very well impute knowledge or falsity even though this affirmative, subjective knowledge is not present * * *." (Emphasis added.)

In reversing because of this instruction, the Municipal Court of Appeals viewed the issue in these terms:

"Our problem, then, is can a man be held *criminally* responsible for a statement recklessly made regardless of whether he had subjective knowledge of its falsity? In brief, what standard does this word 'knowledge' require? [2]"

After observing that there seemed to be no cases directly in point in this jurisdiction, the Municipal Court of Appeals recognized that while the word "knowledge" is not in the statute "it is very clearly one of the elements of this offense." [3] That court then concluded that two related elements of criminality which must be shown—knowledge and intent—could not be shown by evidence that the statements were made in reckless disregard of truth even though made by persons claiming to know the truth.

1. Avant v. United States, 1959, 154 A.2d 354.

2. Id. at page 355.

3. Ibid.

While our disposition of the case does not alter the result reached by the Municipal Court of Appeals—a new trial— we reach the result for different reasons. A statement of the controlling law for the guidance of the Municipal Court follows.

The complaining witness, Walter Fletcher, brought his car into the Credit Auto Repair Shop on September 24, 1959. The shop is owned by appellee Hughlett, appellee Avant being foreman. Avant gave an estimate for the needed repairs of about $300, and Fletcher left the car at the shop. On Monday, September 29, Fletcher returned and was told the repairs were not completed. He was presented with papers to be signed to finance the repair bill but he refused to sign and demanded an itemized bill. Avant then sat down to render the account, and Fletcher testified he did so with nothing more than a parts price book in front of him. When Fletcher asked how Avant knew what had gone into the car, Avant answered: "I know. I work here. I guess I'm supposed to know."

After receiving the itemization, both Fletcher and Avant went to inspect the car. Fletcher noticed that while he was charged for four new shock absorbers, the front absorbers were covered with accumulated dirt and grease and were obviously the original set. Avant then reduced the bill by the amount of the two front absorbers. Fletcher returned the following Thursday and paid Avant $360 cash on the stated amount of $381.-56, asking Hughlett if the balance could be cancelled. Hughlett refused, stating that he (Hughlett) knew what had gone into the car, that a lot of labor had gone into it, and that he would not reduce the bill. Fletcher then paid the full balance.

On trial the evidence was that the old rear absorbers were merely removed, cleaned up and reinstalled. Fletcher was charged for a thermostat which was never put in; he was charged for new pistons, which Avant had specially said were needed, when in fact the shop mechanic merely took out the old ones, expanded them and reinserted them. Certain charges for service sublet outside the shop were made, but the evidence is that the mechanical part on which the "outside" service was allegedly performed never left the shop. A charge was made for labor on the signal lights, though the mechanic working on Fletcher's car testified he never worked on the lights. A charge was made for certain valves allegedly replaced, but the evidence is that this work was not done until after the bill was paid, and after Fletcher complained of bad performance. Beyond any doubt whatever, the testimony warranted a jury finding that both Avant and Hughlett, acting in concert, made false statements as to the work actually performed and materials furnished, while insisting that they "knew" the facts.

Appellees' principal defense was that these statements were made by them without knowledge of their falsity and without any intent to deceive. They argue that the mechanic who worked on the car in some way indicated to them what was performed, and that they merely took him at his word, charging the usual rates. This is vigorously denied by the mechanic, who testified he never gave Avant a detailed breakdown of his work or the information on which Avant says he relied. This conflict between the testimony of the mechanic and that of the management is, of course, a critical element in the case.

■ The Municipal Court of Appeals correctly pointed out that knowledge of falsity of the statements is an essential element of the offense.[4] However, the question of knowledge is a question of fact for the jury.[5] Since

4. Robinson v. United States, 1914, 42 App. D.C. 186.

5. Ibid; Nelson v. United States, 1955, 97 U.S.App.D.C. 6, 227 F.2d 21, 53 A.L.R. 2d 1206, certiorari denied, 1956, 351 U.S. 910, 76 S.Ct. 700, 100 L.Ed. 1445.

knowledge is subjective it is always difficult, and sometimes impossible, to establish by direct evidence of the mental processes or state of mind of the accused. Hence the law permits a jury to find knowledge of the falsity based on reasonable inferences from concrete facts in evidence. Such facts include the conduct of the parties to the transaction, their utterances, the position occupied by the accused—in sum all the circumstances surrounding the transaction.

█ A showing of recklessness standing alone does not, as the trial judge's charge tended to suggest, establish knowledge as a matter of law. However, the jury is permitted to impute knowledge of the falsity of the statements to the accused, not as a matter of law but as a consequence of inferences reasonably drawn from the facts shown.

"[W]hile there is no allowable inference of knowledge from the mere fact of falsity, there are many cases where from the actor's special situation and continuity of conduct an inference that he *did* know the untruth of what he said * * * may legitimately be drawn." Bentel v. United States, 2 Cir., 13 F.2d 327, 329, certiorari denied Amos v. United States, 1926, 273 U.S. 713, 47 S.Ct. 109, 71 L.Ed. 854. This is more particularly allowable when the actors or utterers are persons "in a far better position to judge than the unsophisticated public to whom they sold * * *." Van Riper v. United States, 2 Cir., 13 F. 2d 961, 964, certiorari denied, Ackerson v. United States, 1926, 273 U.S. 702, 47

S.Ct. 102, 71 L.Ed. 848. This concept has been consistently applied in federal courts. United States v. Fradkin, 2 Cir., 1935, 81 F.2d 56, certiorari denied, 1936, 297 U.S. 720, 56 S.Ct. 598, 80 L.Ed. 1005; Stone v. United States, 6 Cir., 1940, 113 F.2d 70; United States v. Vasen, 7 Cir., 222 F.2d 3, certiorari denied, 1955, 350 U.S. 834, 76 S.Ct. 70, 100 L.Ed. 744. The California cases discussed but rejected by the Municipal Court of Appeals are cases similar in some respects to the federal cases here cited. See People v. Davis, 1952, 112 Cal.App.2d 286, 246 P.2d 160; People v. Schmitt, 1957, 155 Cal.App.2d 87, 317 P.2d 673.

Cases in this jurisdiction have applied the false pretenses statutes similarly. In Clagett v. United States, 1923, 53 App.D.C. 134, 289 F. 532, we held that mere presentment of a check is a representation that the check is covered by sufficient funds in the hands of the drawee. In other words, the guilty knowledge of the accused may be inferred if, as the drawer of the check, he has no reason to suppose the check will be honored. More recently we affirmed this rule in Gilmore v. United States, 1959, 106 U.S.App.D.C. 344, 273 F.2d 79.

The judgment of the Municipal Court of Appeals reversing the judgment of the Municipal Court and awarding a new trial is affirmed, and the case is remanded to the Municipal Court for further proceedings consistent with the opinion of this court.

Affirmed.