374 P.2d 844

STATE of Utah, Plaintiff and Respondent,

v.

Lloyd C. COBB, Defendant and Appellant.

No. 9667.

Supreme Court of Utah.

Oct. 5, 1962.

Rawlings & West, Salt Lake City, for appellant.

A. Pratt Kesler, Atty. Gen., Ronald N. Boyce, Ass't. Atty. Gen., Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal from a conviction for unlawfully obtaining goods by misrepresentation.[1] Reversed.

Defendant was employed by an appliance company as salesman. Without permission he obtained the issuance of a Hilton Carte Blanche credit card in the name of his employer, which card listed him as Vice-President of the company. This was not the fact. The matter came to the attention of his employer, who censured him, discharged him and who, on May 2, 1961, notified the

1. Title 76-20-8, Utah Code Annotated 1953, as amended.

Hilton Company in writing that defendant had no authority to open such an account, requesting immediate cancellation of the card, and stating that if any charges were made by use thereof, it would be Hilton's responsibility to "look to the individuals signing the charges for payment."

Nonetheless, on May 10, defendant went to a local Mobil Oil dealer and asked to buy a set of tires. A sales ticket therefor was prepared. However, it developed that he wanted cash. In apparent collusion with the dealer, the tire sale remained on the record, cash was delivered to defendant, and the dealer received a $50 kick-back for his trouble, or generosity, depending on one's view. The sales slip went to a local Mobil Oil branch office, then to its home office in Los Angeles, then to the Hilton Company, then to a Mr. Burgess. Burgess admittedly was but an investigator of fraud cases for Hilton. Although he asserted that he maintained some of the files, it is obvious from his testimony that the company simply fed him records pertaining to fraud cases, and that he had absolutely nothing to do custodially or with the preparation of the records except as they were referred to him in rare and specific cases.

■ Over an objection that Burgess' possession did not satisfy the exception to the hearsay rule as to admissibility of business records, the trial court admitted 36 other similar cards purportedly used at a dozen different places, in several states, representing purported purchases of gas, hotel and airplane accommodations; in other words, a proper foundation had not been laid for their admissibility. With this we agree, and in doing so assert that the authorities cited by the State [2] are so factually different as to be inapropos here. The facts here cannot satisfy the observations made in those cases, and certainly not the elementary principles enunciated in 20 Am.Jur. § 1069, p. 920, et seq., Evidence. The case, therefore, is reversed on the assigned error that a proper foundation was not laid for the admission in evidence of the 36 sales slips. To the State's claim that their admission was nonprejudicial, we simply say that the prejudice to the defendant would seem patent in a proper case else they would not be offered as facts probative of defendant's guilt. This seems to be borne out in this very case, where the jury was out but 24 minutes.

Having decided thus, we need not review the arguments of counsel as to the admission of previous offenses to show a scheme, plan, etc.

■ The defendant further urged that if an offense were committed, it was in California. We consider such contention

2. Clayton v. Metropolitan Life Ins. Co., 96 Utah 331, 85 P.2d 819, 120 A.L.R. 1117; State v. Davie, 121 Utah 189, 240 P.2d 265.

untenable. · Both the misrepresentation and the delivery of the goods were accomplished in Utah.

To the contention that there was insufficient evidence to convict we can answer only that there appears to have been too much to convict.

WADE, C. J., and McDONOUGH, CALLISTER and CROCKETT, JJ., concur.