Robert A. **WILLGOOS**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 4095.

District of Columbia Court of Appeals.

Argued Feb. 27, 1967.

Decided April 19, 1967.

---

Karl M. Dollak, Bethesda, Md., for appellant.

William G. Reynolds, Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., Frank Q. Nebeker and Lawrence Lippe, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and CAYTON (Chief Judge, Retired).

CAYTON, Judge.

Appeal from a conviction of obtaining hotel lodging under false pretenses, D.C. Code 1961, § 22-1301.[1]

Appellant, an architect with an office in the District of Columbia, registered in a local hotel on March 17th giving his correct name and home address in Florida. Four days later he told the hotel manager that his partner in a business venture would be using the room he was then occupying and that his account would be settled later. The partner stayed one day as planned, paid his own bill, and said he left appellant's top coat and luggage with the manager as he checked out. There was testimony that the partner sometimes paid appellant's bill but did not do so on this occasion. Three days later appellant discovered the non-payment as a result of a

phone conversation with his partner. He was engaged in business meetings throughout this period and a weekend passed during that time. Appellant's Washington secretary tried unsuccessfully at least once to determine the amount of the bill as did appellant himself. The arrest took place on March 28th. Conviction resulted and the imposition of sentence was suspended. On this appeal the basic question is the sufficiency of the evidence.

"The crime of false pretenses has five elements: false representation, knowledge of falsity, intent to defraud, reliance by the defrauded party, and obtaining something of value." Ciullo v. United States, 117 U.S.App.D.C. 31, 32, 325 F.2d 227, 228 (1963). Intent to defraud, because it is essentially a mental process, is admittedly a difficult concept to prove. "Hence the law permits [a court] to find knowledge of the falsity based on reasonable inferences from concrete facts in evidence. Such facts include the conduct of the parties to the transaction, their utterances, the position occupied by the accused—in sum all the circumstances surrounding the transaction." United States v. Avant, 107 U.S.App.D.C. 192, 195, 275 F.2d 650, 653 (1960), affirming D.C.Mun.App., 154 A.2d 354 (1959).

In this case the only concrete fact in evidence to show intent was the lapse of a week between check-out and arrest. Counterbalancing this was the conduct of appellant which indicated his intent to pay: his pre-checkout assertions to that effect, the corroborated phone calls and his accurate registration at the hotel. His business in this city and the presence of his belongings in the room also bear on the matter of intent. See Gilmore v. United States, 106 U.S.App.D.C. 344, 347, 273 F.2d 79, 82 (1959).

---

1. The relevant portion of the statute provides: "Any person who obtains any lodging * * * without paying therefor, with intent to defraud the proprietor or manager thereof, or who obtains credit [at such a place] by the use of any false pretense shall [be guilty of a misdemeanor]."

Under another portion of the same statute, we have held that criminal knowledge and intent could not be inferred from a reckless statement. Avant v. United States, supra, 154 A.2d at 356. Similarly, even if appellant's failure to pay within one week could be characterized as reckless, we are satisfied that the totality of the particular circumstances of this case is not consistent with criminal intent. Perhaps, taken singly, no one of the factors enumerated above would defeat the prosecution but in concert they are wholly inconsistent with guilt.

Reversed with instructions to enter judgment of acquittal.