**Donald Terry HYMES, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 4972.**

District of Columbia Court of Appeals.

Argued Oct. 6, 1969.

Decided Jan. 15, 1970.

Leonard I. Rosenberg, Washington, D. C., appointed by this court, for appellant.

James L. Lyons, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Terry P. Segal, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and FICKLING and GALLAGHER, Associate Judges.

HOOD, Chief Judge.

Appellant was convicted of seven counts under our false pretenses statute, D.C.Code 1967, § 22–1301.[1] This appeal is based solely on the ground that the Government failed to prove all the elements of the crime.

The Government introduced the following evidence: An American Oil Company credit card was issued to one F. F. Dittess who never used it and never gave anyone permission to use it, but the card was used by someone at seven different service stations on seven different occasions. There was expert testimony that the signatures on the gasoline purchase receipts, purporting to be that of Dittess, were in the "normal, undisguised writing style of [appellant]."

"The crime of false pretenses has five elements: false representation, knowledge of falsity, intent to defraud, reliance by the defrauded party, and obtaining something for value."[2] Appellant asserts that the Government failed to prove the last two elements of the crime. More specifically,

appellant contends that, because no direct testimony of the underlying transactions was introduced, the Government can never prove the elements of obtaining and reliance. Appellant cites several false pretenses cases in this jurisdiction, all of which contain evidence given by the victims. He then concludes that without such evidence the crime cannot be proven.[3] We disagree.

Direct evidence by a victim is not necessary to prove the elements of obtaining and reliance.[4] Generally, any indirect evidence sufficient to establish these elements would be supplied by the victim. But, we do not find this a mandatory prerequisite.[5]

Our false pretenses statute was not written at a time when credit cards were in wide use. Several states have adopted specific statutes aimed at the unauthorized use of credit cards,[6] but no such statute exists in the District of Columbia. This does not mean that unauthorized use of a credit card cannot be a violation of the false pretenses statute, provided all the elements of false pretenses are proven. However, this new mode of possible criminal activity does suggest that the form of proof will differ from that usually found in past cases.

In this case, the Government introduced in evidence the seven purchase receipts. It could be inferred from these slips that gasoline was provided with reliance on the validity of the credit card and

---

1. The relevant portion of the statute provides:
   "Whoever, by any false pretense, with *intent to defraud, obtains from any* person anything of value \* \* \* shall [if the value is less than $100] be fined not more than $200 or imprisoned for not more than one year, or both."

2. Willgoos v. United States, D.C.App., 228 A.2d 635, 636 (1967) citing Ciullo v. United States, 117 U.S.App.D.C. 31, 32, 325 F.2d 227, 228 (1963).

3. Appellant also relies on Crouch v. State, 229 Ind. 326, 97 N.E.2d 860 (1951), for

this proposition. That case is inapplicable in that apparently no evidence whatsoever was introduced to establish the elements of obtaining and reliance.

4. People v. Schmidt, 147 Cal.App.2d 222, 305 P.2d 215 (1956). See 35 C.J.S. False Pretenses § 52(d) (1960).

5. *Compare* Teves v. State, 237 Md. 653, 207 A.2d 614 (1965) *with* State v. Cobb, 13 Utah 2d 376, 374 P.2d 844 (1962).

6. *See generally* 24 A.L.R.3d 995–998.

the authorized use thereof. It is true, as the Government concedes, that none of the service station attendants in these seven isolated purchases could so testify. It is not unreasonable that a gas station attendant would not recall a single sale which took place sometime in the past. We do not feel that this "failure" to produce evidence was crucial to the Government's case.

Affirmed.