**Harold M. LONG, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 6501.

District of Columbia Court of Appeals.

Argued Oct. 17, 1972.

Decided Dec. 20, 1972.

Charles A. Kubinski, Washington, D. C., appointed by this court, for appellant.

Peter C. Schaumber, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and Raymond Banoun, Asst. U. S. Attys., were on the brief, for appellee.

Before REILLY, Chief Judge, and PAIR and HARRIS, Associate Judges.

REILLY, Chief Judge.

The sole issue raised by this appeal is the quantum of proof which must be presented by the prosecution to sustain a conviction for forging or uttering a forged document in violation of D.C.Code 1967, § 22–1401. Appellant was tried on an indictment charging him under this section of the Code with three counts of forgery and three of uttering, found guilty by a jury on all counts, and sentenced to a term of one to three years imprisonment on each—the sentences to run concurrently.

The theory of the Government's case was that appellant had fraudulently used a credit card which belonged to another man on at least three different occasions to procure gasoline and other services from local filling stations. The owner of the credit card testified at the trial that a few weeks before these transactions had occurred he had been the victim of a holdup and that one of the robbers had taken his money and credit cards, including the card subsequently utilized at the filling stations the following month. He was unable to identify the defendant (appellant here) as one of the participants in the robbery.

Evidence pointing to the subsequent illegal misuse of the card consisted of the testimony of two witnesses. The first—an in-

vestigator from the police department's check and fraud squad—testified that an examination of a number of sales slips (purchase receipts) charged to the robbery victim included two where the automobile license recorded on the slip coincided with the registration of appellant's car, D.C. 789–538, and a third bore the tag number D. C. 789–938. All purported to bear the signature of the card owner. Through this witness the three slips were introduced into evidence, as well as certain samples of appellant's handwriting. According to the second witness—a police department handwriting expert—the latter documents had been compared with the signatures on the sales slips and such analysis led him to the opinion that it was highly probable that appellant was the actual signer of the questioned slips.

When this witness left the stand the Government rested, and defense counsel moved for a directed verdict of acquittal. The court's denial of this motion is assigned as error here. Appellant's contention is that the Government failed to prove all the elements of the crime of uttering, defined in the Code as a separate and distinct offense from forgery, consisting of passing "any paper . . . knowing the same to be false or forged, with the intent to defraud . . . another."[1] He points to the absence of any testimony from the employees of the filling stations or any other eyewitnesses identifying him as the person using the forged slips for the items listed thereon, and his own statements on the stand to the effect that he had permitted two other persons to use his automobile during the period when the fraudulent purchases were made.

We find no error in the ruling of the trial court. In our opinion, a jury could reasonably infer from the documentary exhibits that appellant had signed a stranger's name to the slips and that he was present in the car when the slips were transmitted to the gas station employees either by himself or by his automobile companion as consideration for the supplies and services contemporaneously furnished. In Hymes v. United States, D.C.App., 260 A.2d 679 (1970), another case involving the misuse of a credit card in which the charge was that of obtaining property under false pretenses, we held that the essential elements of the offense could be inferred from evidence substantially the same as that presented here, even though the filling station personnel who relied upon and accepted the false slips did not testify. It is true that the *Hymes* decision dealt with a conviction under § 22–1301 (false pretenses) rather than § 22–1401, but the only material difference between these two sections of the Code, at least in a case such as this where the fraudulent attempt has succeeded, is that in the latter instance the fraud must be accomplished by use of a writing.[2]

Affirmed.

---

1. Excerpted from D.C.Code 1967, § 22–1401.

2. There are other distinctions between these offenses, but none of them is relevant in this context.