FRANCZKOWSKI *v.* STATE

[No. 333, September Term, 1964.]

*Decided May 27, 1965.*

The cause was argued before PRESCOTT, C. J., and HORNEY, MARBURY, OPPENHEIMER and BARNES, JJ.

*Gerald A. Kroop* for appellant.

*Loring E. Hawes, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Charles E. Moylan, Jr.* and *Richard O. Motsay, State's Attorney* and *Assistant State's Attorney,* respectively, *for Baltimore City,* on the brief, for appellee.

HORNEY, J., delivered the opinion of the Court.

The question presented by this appeal, as to whether an at-

tempt to obtain money or other property by a false pretense has been committed when the potential victim was not deceived and did not part with any money or property, is a novel one in this State.

About six hours after money orders and a check writer had been taken from a burglarized grocery store, the defendant presented a money order to the manager of a bargain store for payment. When the manager examined the number on the money order, he suspected its genuineness and asked the defendant to sign his name on the back of it for the purpose of detaining him. The manager then left the store—ostensibly to get funds from his bank to cash the money order—and returned with a policeman who arrested the defendant.

Although the defendant contends that he should not have been convicted of attempting to obtain money by false pretenses because the potential victim was not in fact deceived, the law is to the contrary. It is true, as was said in *Davis v. State,* 229 Md. 139, 141, 182 A. 2d 49, 50 (1962), that "an essential element [1] of obtaining money by false pretenses is that the victim actually relied upon the false representation," but the cases and the text writers make it clear that a distinction is drawn between the completed crime and an *attempt* to commit it. *Commonwealth v. Johnson,* 167 Atl. 344 (Pa. 1933); *State v. Smith,* 255 N. W. 826 (Minn. 1934); *People v. Camodeca,* 338 P. 2d 903 (Cal. 1959); *Benefield v. State,* 151 So. 2d 650 (Fla. 1963); 35 C.J.S., *False Pretenses,* § 36; 22 Am.Jur., *False Pretenses,* § 80.

The elements of attempt to obtain money by a false pretense, like other attempts to commit a crime, are an intent to commit it, the doing of some act towards its commission, and the failure to consummate its commission. *Wiley v. State,* 237 Md. 560, 207 A. 2d 478 (1965). And it is not necessary in order to establish an intent that the potential victim was deceived and had parted with money or property. *Commonwealth v. Johnson, supra; State v. Smith, supra.* As was said in *Whitley v. War-*

---

1. All of the elements necessary to convict one of false pretenses are set forth in Smith v. State, 237 Md. 573, as well as in Davis v. State, 229 Md. 139.

128

*den,* 209 Md. 629, 120 A. 2d 200 (1956), *cert. den.* 351 U. S. 929 (1956), one may be innocent of an act but guilty of an attempt to commit it.

*Judgment affirmed.*