Joseph Richard MARGANELLA, Appellant,

v.

UNITED STATES, Appellee.

No. 5201.

District of Columbia Court of Appeals.

Argued July 21, 1970.

Decided Aug. 25, 1970.

Sol Rosen, Washington, D. C., for appellant.

Michael J. Madigan, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Herbert B. Hoffman, Asst. U. S. Attys., were on the brief, for appellee.

Before FICKLING, GALLAGHER and NEBEKER, Associate Judges.

FICKLING, Associate Judge:

Appellant was convicted by the court sitting without a jury of attempted false pretenses [1] involving the misuse of a credit card.

Appellant registered himself and a female companion at a local motel under the name of Mr. and Mrs. Robert Blodgett. At the time of registration, he offered the desk clerk an American Oil Company credit card issued to Mrs. Blodgett, although in fact he did not know the real Mrs. Blodgett and did not have her permission or authority to use the card. The imprint of the card and the record of registration were introduced into evidence.

Appellant testified that a friend loaned him the credit card to use in case he did not have enough cash. He stated that he used the name of Mr. and Mrs. Blodgett because he was not married. He further stated that he did not intend to defraud the motel.

Appellant apparently contends on appeal that there was no proof of a false representation and a reliance thereon because the Government did not produce at trial the clerk to whom the representation was made.

The elements of the crime of false pretenses are a false representation, knowledge of its falsity, an intent to defraud, reliance on the misrepresentation by the defrauded party, and the obtaining of something of value. Hymes v. United States, D.C.App., 260 A.2d 679, 680 (1970).

1. D.C.Code 1967, §§ 22–103, 22–1301.

However, the elements of the crime of attempted false pretenses, "like other attempts to commit a crime, are an intent to commit it, the doing of some act towards its commission and the failure to consummate its commission. And it is not necessary in order to establish an intent that the potential victim was deceived and had parted with [something of value]." Franczkowski v. State, 239 Md. 126, 127, 210 A.2d 504, 505, 6 A.L.R.3d 238, 239–240 (1965) (citations omitted).

We have recently held in another credit card misuse case that testimony by the person to whom the false representation was made is not necessary to prove the elements of the crime of false pretenses where certain documentary evidence is introduced. Hymes v. United States, *supra*.

■ Similarly, in the instant case, the necessity of producing the motel desk clerk was obviated by the introduction of the motel's records.

■ We hold that the trial court could find beyond a reasonable doubt that appellant intended to commit, and performed an act towards the commission of, the offense of false pretenses by presenting a stolen or lost credit card to obtain lodging in a motel.[2]

Appellant's conviction of attempted false pretenses is

*Affirmed.*

2. We do not here reach the question of whether the prosecution made out a prima facie case of the completed crime of false pretenses.