James A. LEWIS, Appellant,

v.

UNITED STATES, Appellee.

No. 12708.

District of Columbia Court of Appeals.

Argued April 6, 1978.

Decided July 10, 1978.

---

Edward McKenna, Washington, D. C., appointed by this court, for appellant.

Reggie B. Walton, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, Peter E. George and Mary-Elizabeth Medaglia, Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

Before NEWMAN, Chief Judge, and KERN and HARRIS, Associate Judges.

PER CURIAM:

Following a trial by the court on stipulated facts, appellant was found guilty of seven counts of false pretenses,[1] and seven counts of unemployment compensation fraud.[2] On appeal, appellant contends that (1) the trial court erroneously denied his motion to dismiss on speedy trial grounds,[3] and (2) the penalties provided by

---

1. D.C.Code 1973, § 22–1301(a).

2. D.C.Code 1973, § 46–319(a).

3. Our review of the record persuades us that the trial court properly rejected appellant's motion to dismiss on speedy trial grounds. Although a few days more than one year elapsed between appellant's arrest and trial, thus giving prima facie merit to his claim, *Branch v. United States,* D.C.App., 372 A.2d 998, 1000 (1977), the passage of one year alone is not dispositive of the speedy trial issue; instead, the burden shifts to the government to justify the delay. *Id.* In this case, ten months of the delay complained of was caused by investigations conducted by the United States Attorney's Office to determine appellant's possible involvement in a conspiracy to violate the District of Columbia Unemployment Compensation Act. There is no indication that anything more than investigative delay was involved or that the government was employing delay "solely to gain tactical advantage over the accused." *Tolliver v. United States,* D.C.App., 378 A.2d 679, 681 (1977). While prejudice to the defendant need not be affirmatively shown after lengthy delay, *Moore v. Arizona,* 414 U.S. 25, 26, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973); *Branch v. United States, supra; United States v. Bolden,* D.C.App., 381 A.2d 624, 627 (1977); *United States v. Bishton,* 150 U.S.App.D.C. 51, 463 F.2d 887 (1972), we note that the record affirmatively demonstrates

Section 319(a) of the District of Columbia Unemployment Compensation Act (Act)[4] are the *exclusive* provisions for the prosecution of violations of that Act, and hence, he was improperly convicted of *both* false pretenses and unemployment compensation fraud.

The stipulated facts presented to the trial court indicate that on seven separate occasions during the summer and fall of 1975, appellant knowingly misrepresented the amount of money he earned during the preceding two-week period to an employee of the District Unemployment Compensation Board (Board). As a result of these misrepresentations, appellant received $1,539 in unemployment compensation payments *from the Board to which he was not* lawfully entitled.[5]

■ During oral argument before this court, the government conceded, and we accept this concession, that the offense of attempted false pretenses, D.C.Code 1973, § 22–1301(a), § 22–103, is identical to the offense proscribed by Section 319(a) of the Act. *See Marganella v. United States,* D.C. App., 268 A.2d 803, 804 (1970). Because of the identity of these two offenses; *viz.*, attempted false pretenses and unemployment compensation fraud in violation of

Section 319(a), appellant was in effect convicted of both attempted false pretenses and false pretenses for the same conduct. However, it is undisputed that the crime of attempted false pretenses merges into the completed offense of false pretenses; in light of the concession that unemployment compensation fraud (Section 46–319(a)) is identical to attempted false pretenses (Sections 22–1301, –103), it follows that appellant's conviction of seven counts of unemployment compensation fraud must be vacated on the ground of merger.

■ Appellant also contends that Section 319(a) of the Act and D.C.Code 1973, § 22–1301(a) (false pretenses) proscribe identical conduct, but we believe he has misconceived the language of the applicable statute. D.C.Code 1973, § 22–1301(a) provides in pertinent part:

> Whoever, by any false pretense, with intent to defraud, obtains from any person . . . anything of value . . . shall, if the value . . . of the money . . . so obtained . . . is $100 or upward, be imprisoned for not less than one year . . . .

On the other hand, Section 319(a) of the Act states:

---

a lack of prejudice. Appellant was not incarcerated while awaiting trial. Neither has he claimed any impairment of his defense due to the passage of time. Here, none of the essential facts were in dispute. Although appellant also argues that he was prejudiced by his anxiety and concern arising from the pending charges, similar generalized claims of anxiety have been rejected by this court:

[thus appellee's *speedy trial contention*] is reduced to a claim of prejudice arising from the strain of being under indictment and subject to the possibility of a lengthy prison term. However, that allegation *by itself* "does not establish prejudice where, as here, the defendant neither asserts nor shows that the delay weighed particularly heavily on him in specific circumstances." [*United States v. Clark,* D.C. App., 376 A.2d 434, 436 (1977), *quoting Morris v. Wyrick,* 516 F.2d 1387, 1391 (8th Cir.), *cert. denied,* 423 U.S. 925, 96 S.Ct. 268, 46 L.Ed.2d 251 (1975) (emphasis in original).]

Finally, we note that the record fails to reflect any attempt by appellant to hasten the date of his trial. In sum, this thumbnail rendition of the four factors announced in *Barker v. Wingo,*

407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), as the determinants of a speedy trial analysis, leads us to the conclusion that appellant's speedy trial right was not infringed.

**4.** D.C.Code 1973, § 46–301 *et seq.*

**5.** The stipulations of fact indicate, in essence, that appellant applied for unemployment compensation benefits, reporting that he had been laid off by his employer. The Board determined that appellant was entitled to draw maximum benefits for a period of 34 weeks. Although appellant periodically worked for his employer and earned approximately $300 a week, he continued to apply for unemployment compensation benefits. The procedures employed by appellant were the same for each offense. Appellant would appear at the office of the Board, falsely represent to an employee of the Board that he had no earnings during the 14-day period for which his claim was filed, and sign the appropriate forms. The Board, in reliance on these false representations, would then mail appellant a check for the maximum unemployment compensation benefit.

Whoever makes a false statement or representation knowing it to be false, or knowingly fails to disclose a material fact, to obtain or increase any benefit or other payment provided in . . . [this Act or other applicable law] . . shall . . . be fined not more than $100 or imprisoned not more than sixty days, or both.

It seems clear from reading Section 319(a) that a violation occurs at the moment a false representation, or omission of a material fact is made with the intent to "obtain or increase any benefit provided for in [this Act or other applicable law]." There is no indication whatsoever that actual receipt of unemployment compensation funds is required. Neither is there any suggestion in the Act that the party to whom the misrepresentation is made must rely on it to his or the Board's detriment.[6]

To sustain a conviction under Section 319(a) of the Act, in a case such as this, the government must prove each of the following elements: (1) a false statement or representation or failure to disclose a material fact; (2) knowledge of the falsity or failure to disclose; and (3) intent to obtain or increase benefits under the Act or other applicable unemployment security law. However, it is clear that the elements of unemployment compensation fraud declared to be a misdemeanor under the Act do not satisfy the requirements necessary to establish false pretenses. The elements of the offense of false pretenses are: (1) a false representation, (2) knowledge of the falsity, (3) an intent to defraud, (4) reliance on the misrepresentation by the defrauded party, and (5) the obtaining of something of value. *Fowler v. United States,* D.C.App., 374 A.2d 856, 859 (1977); *Marganella v. United States, supra* at 803; *Hymes v. United States,* D.C.App., 260 A.2d 679, 680 (1970); *Willgoos v. United States,* D.C.App., 228 A.2d 635, 636 (1967); *Ciullo v. United States,* 117 U.S.App.D.C. 31, 32, 325 F.2d 227, 228 (1963). It is apparent that the fourth and fifth elements of the offense of false pretenses need not be proven to sustain a conviction for unemployment compensation fraud under Section 319(a) of the Act.

■ However, our conclusion that these two statutory provisions do not proscribe identical conduct still leaves yet another contention by appellant that Section 319(a) of the Act was intended by Congress to provide the *exclusive* criminal sanction for unemployment compensation fraud. Examination of the Act itself indicates that appellant's claim of exclusivity is not well taken. First, as we have previously indicated, Section 319(a) of the Act and the general crime of false pretenses each requires proof of different elements to uphold a conviction. Second, Section 319(a) is the *only* section of the Act providing for criminal prosecution in cases such as this.[7] Al-

---

6. *Jacobs v. District Unemployment Compensation Board,* D.C.App., 382 A.2d 282 (1978), is not to the contrary. In *Jacobs,* this court concluded that the standard of knowledge by which the Board is to judge a claimant under subsection (e) of Section 319 of the Act is a subjective one. There, the court was concerned with the disqualification under Section 319(e) by the Board of an applicant who, it was alleged, knowingly made a false statement for the purpose of obtaining benefits under the Act. The panel observed in a footnote that Section 319(e) does not clearly indicate whether the Board must have relied upon the misrepresentation and granted the benefits before the sanction could be imposed upon the applicant. *Jacobs v. District Unemployment Compensation Board, supra* at 286 n.5. Whether actual reliance by the Board was required under Section 319(e) was not answered by the court in *Jacobs;* that decision expressly left to the

Board, in the first instance, to "interpret the nature and degree of reliance, if any, required under § 19(e) . . . ." *Id.*

These brief comments made in passing, in a footnote do not, as appellant contends, indicate that subsection (a) of Section 319 of the Act is identical to the offense of false pretenses merely because reliance by the Board might ultimately be determined to have been required under Section 319(e). The court, in *Jacobs,* was careful to refrain from passing on this issue, even as it related to an administrative penalty imposed by the Board.

7. Section 319(b) of the Act provides for the prosecution of "[a]ny employing unit, and any officer or agent [thereof]" who willfully supplies false information to the Board in order to avoid the payment of contributions required under the Act. Section 319(c) provides for the prosecution of any person who willfully vio-

though *receipt* of unemployment compensation funds due to a misrepresentation is addressed in Section 319(d) and (e) of the Act, these sections do not provide for the criminal prosecution of the applicant; instead, the Board is permitted, in its discretion, to attempt to recoup the payments improperly received. There is nothing in Section 319(d) or (e), the only sections of the Act which address the fraudulent receipt of funds, which suggests that a prosecution for false pretenses is barred. In fact, were we to hold, as appellant suggests, that Section 319(a) of the Act is coextensive with the offense of false pretenses and was intended to serve as the *exclusive* provision for the prosecution of applicants who present fraudulent claims to the Board, we would reach the anomalous result that (1) the mere filing of a fraudulent unemployment compensation application, without the actual receipt of funds, would be outside the ambit of Section 319(a), contrary to a plain reading of that provision; and (2) that Congress intended to permit the imposition of a lesser penalty for frauds committed against the Board, *viz.*, a misdemeanor, than for similar conduct directed against an individual citizen, *viz.*, a felony. In the

absence of any clear Congressional intent to treat offenders differently solely on the basis of whether their victim was the Board or a private citizen, we decline to accept appellant's argument and hold that both provisions apply to unemployment compensation fraud.

In sum, we hold that (1) Section 319(a) of the Act and Section 22–1301 of the D.C. Code define different offenses, (2) that Section 319(a) of the Act is identical with attempted false pretenses, and (3) that Section 319(a) of the Act is not the exclusive means of prosecution in cases such as this. Consequently, we affirm appellant's convictions for false pretenses; however, his conviction for unemployment compensation fraud are vacated for the reasons given in this opinion.

*So ordered.*

---

lates any provision of the Act if "a penalty is neither prescribed . . . [in the Act] nor provided by any other applicable statute." The factual context of the appeal demonstrates that Section 319(b) of the Act is inapplicable and our holding that unemployment compensation frauds may be prosecuted under the false pretenses statute makes reference to Section 319(c) unnecessary since this provision applies *only* if no penalty is provided for violations of the Act by any applicable statute, or the Act itself.