**Michelle RAY, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 89–226.

District of Columbia Court of Appeals.

Submitted April 4, 1990.

Decided May 31, 1990.

Robert M. Hausman, Washington, D.C., appointed by this court, was on the brief, for appellant.

Jay B. Stephens, U.S. Atty., and John R. Fisher, Asst. U.S. Atty., were on the brief, for appellee. Daniel M. Zachem, Asst. U.S. Atty., also entered an appearance, for appellee.

Before TERRY and STEADMAN, Associate Judges, and KERN, Senior Judge.

1. D.C.Code § 22–504 (1989).

TERRY, Associate Judge:

Appellant was convicted of assault[1] for spitting in the face of a police officer who had just arrested her for a narcotic offense.[2] The principal issue on appeal is whether spitting on another person constitutes an assault. Although this is an issue of first impression in the District of Columbia, we find ourselves in full agreement with courts in other jurisdictions which have held that spitting on another person is indeed an assault. Accordingly, we affirm the conviction.

I

The evidence showed that Officer James Shieder and three fellow officers saw appellant Ray on a street corner, in broad daylight, engaging in what appeared to be a drug transaction. As Ray handed a small white object to a man with whom she had been talking, the officers converged on the two of them. The man struggled with the officers, and in the course of the struggle he swallowed the white object. Meanwhile, Ray started to walk away, at the same time placing another white object into her mouth. Officer Shieder tried to prevent her from swallowing it, but he was unsuccessful. Ray then became "very agitated, very loud," swinging her arms and kicking at the police officers. As they grappled, both she and Officer Shieder lost their balance and fell to the ground. Another officer, Holloday Atkins, then saw Ray reach into the front of her slacks and retrieve a small vial in a plastic bag, which she tried to conceal under her as she sat on the ground. Officer Atkins recovered the vial, however, and its contents were later tested and found to be cocaine.

Although the officers eventually subdued Ray and handcuffed her, she continued to yell obscenities at them. As Officer Shieder placed her in the patrol wagon to be taken to the station house, she turned toward him and spat in his face, hitting him in the eyes. Shieder testified that Ray "was in a wild state all the way until we

2. The jury acquitted appellant of possession of cocaine, D.C.Code § 33–541(d) (1988), with which she was also charged.

got into the station, the whole time, still screaming obscenities...." At the station she spat again at Officer Shieder, but this time she missed. After he took her into the drug enforcement office, she looked back at him and said, "I hope you get AIDS." While she was being processed, she also spat on another officer.

To the drug charge Ray presented a defense of misidentification, stating that a different woman had sold cocaine to the man on the corner. The object she placed in her mouth, she said, was a piece of chewing gum. She denied possessing the vial of cocaine which Officer Atkins recovered from the ground beneath her.

Ray also asserted that she "didn't really mean to" spit in Officer Shieder's face. "My throat was kind of dry," she said, "so I [spat] as he was shutting the door. That is how he got it in his face." She characterized the spitting as a reaction to being choked by the officers: "I must have had a nasty taste [in] my mouth." She admitted that at the station she spat at another officer but denied that she intended to do so.

## II

Our assault statute, section 22–504 of the Code, was enacted in 1901 and has never been amended. In its entirety, it states:

> Whoever unlawfully assaults, or threatens another in a menacing manner, shall be fined not more than $500 or imprisoned not more than twelve months, or both.

Because the statute does not define the elements of the crime, the courts have concluded that "[t]he assault contemplated by Section 22–504 is a common law assault." *Guarro v. United States*, 99 U.S.App.D.C. 97, 99, 237 F.2d 578, 580 (1956) (citation omitted). This court, citing *Guarro* and other precedents, has identified "three essential elements" of the crime of assault:

> First, there must be an act on the part of the defendant; mere words do not constitute an assault.... The act does not have to result in injury[;] ... it can be either an actual attempt, with force or violence, to injure another, or a menacing

threat, which may or may not be accompanied by a specific intent to injure, on the part of the defendant.... Secondly, at the time the defendant commits the act, the defendant must have the apparent present ability to injure the victim.... Finally, at the time the act is committed, the defendant must have the intent to perform the acts which constitute the assault.

*Williamson v. United States*, 445 A.2d 975, 978 (D.C.1982) (citations omitted); *see Robinson v. United States*, 506 A.2d 572, 574–575 (D.C.1986).

The government's evidence obviously proved "an act on the part of the defendant"—spitting in the officer's face—and the jury's verdict established that Ray had the general "intent to perform" that act, necessarily rejecting her defense that the spitting was inadvertent or unintentional. Our inquiry must focus on whether that act was an "attempt, with force or violence, to injure another," and whether Ray had "the apparent present ability to injure the victim."

■ It is firmly established in our case law that the injury resulting from or threatened by an assault may be extremely slight. There need be no physical pain, no bruises, no breaking of the skin, no loss of blood, no medical treatment. " '[V]iolence' in its ordinary meaning is not a necessary element of assault, for an attempt to do unlawfully to another *any bodily injury however small* constitutes an assault." *Harris v. United States*, 201 A.2d 532, 534 (D.C.1964) (footnote omitted and emphasis added). The question presented here, therefore, is whether being spat upon is "any bodily injury however small." That question is answered by implication in the *Harris* case itself, in which an assault conviction was affirmed when the evidence showed only that the victim of an attempted pickpocket robbery "felt himself being jostled, feeling impact at the area of his hip pocket." *Id.* at 533. *See also Guarro v. United States, supra* (unconsented sexual touching sufficiently offensive to constitute assault); *Henderson v. United States*, 117 A.2d 456 (D.C.1955) (same). What we dis-

till from these cases, particularly *Harris*, is that an assault conviction will be upheld when the assaultive act is merely offensive, even though it causes or threatens no actual physical harm to the victim.

The government calls our attention to two cases in the federal courts, both involving spitting. In *United States v. Masel*, 563 F.2d 322 (7th Cir.1977), *cert. denied*, 435 U.S. 927, 98 S.Ct. 1496, 55 L.Ed.2d 523 (1978), the defendant was convicted of assault on a member of Congress when the evidence showed that he had spat on a United States Senator as a gesture of disapproval of the Senator's "alleged relationship to the armament industry." *Id.* at 323. The federal statute, 18 U.S.C. § 351(e) (1982), like our District of Columbia statute, does not state the elements of the offense but merely prescribes a penalty for "[w]hoever assaults any person designated in subsection (a)," which includes members of Congress. On appeal the Seventh Circuit affirmed the conviction and approved the following instruction to the jury:

> An assault is the willful and unlawful touching, *however slight,* of another person by an aggressor or by a substance put in motion by an aggressor. The touchings which constitute assaults include willful and unlawful offensive touchings. In this case the Government must prove beyond a reasonable doubt that the defendant Masel willfully and unlawfully caused, by spitting, *an offensive touching* of a member of Congress of the United States.

*Id.* (emphasis added).[3]

■ In like manner, the First Circuit held in *United States v. Frizzi*, 491 F.2d 1231 (1st Cir.1974), that spitting in the face of a mail carrier was within the scope of 18 U.S.C. § 111 (1982), which makes it a crime to assault a federal officer in the performance of his or her official duties. The court said:

> We do not think it could be ruled that spitting in the face is not forcible assault, or, more exactly, a battery falling within the statutory description "forcibly assaults, resists, opposes, impedes, intimidates, or interferes." *Although minor, it is an application of force to the body of the victim, a bodily contact intentionally highly offensive.*

*Id.* at 1232 (citations omitted and emphasis added). Although these two cases are not binding on this court, we find them consistent with our own controlling case law and highly persuasive in this case. We readily agree with the First Circuit that spitting on another person, "although minor," is "highly offensive." Since it is "an application of force to the body of the victim," we hold that it is an assault punishable under D.C. Code § 22–504.

■ One additional matter needs to be clarified. In our recent decision in *Robinson v. United States, supra,* we held that in the District of Columbia "[t]here are two distinct kinds of criminal assault," one of which "is the 'attempted-battery' type...." 506 A.2d at 574. The evidence in the instant case, however, as in several of the cases we have cited in this opinion, showed not just an attempted battery but a completed battery. This is a distinction of no legal consequence. Every completed criminal offense necessarily includes an attempt to commit that offense. In the context of D.C.Code § 22–504, every completed battery necessarily includes an attempted battery, *i.e.,* an assault. This court held long ago in *United States v. Fleming*, 215 A.2d 839 (D.C.1966), that a person charged with an attempt to commit a crime may be convicted even though the evidence shows a completed offense, not merely an attempt. What that means here is that a defendant charged with assault may be convicted of that offense even though the evidence establishes that he or she committed an actual battery. "[P]roof of a battery will support conviction of assault." *United States*

---

3. *See also United States v. Guerrero,* 667 F.2d 862, 868 (10th Cir.1981) (throwing of eggs, one of which hit Congressman, was an assault punishable under 18 U.S.C. § 351(e)), *cert. denied,* 456 U.S. 964, 102 S.Ct. 2044, 72 L.Ed.2d 490 (1982); *United States v. Calderon,* 655 F.2d 1037, 1038 (10th Cir.1981) (throwing of eggs which did not hit Congressman was an assault punishable under 18 U.S.C. § 351(e)).

*v. Dupree,* 544 F.2d 1050, 1052 (9th Cir. 1976); *accord, e.g., United States v. Jacobs,* 632 F.2d 695, 697 (7th Cir.1980).

 Ray also contends that the trial court erred in allowing Officer Shieder to testify on rebuttal that she said, "I hope you get AIDS," after she had spat in his face. Her argument is without merit. Ray had testified that her spitting at the officer had been unintentional. The government, in rebuttal, was entitled to introduce her statement as evidence of her state of mind, *i.e.,* evidence that the spitting was intentional and deliberate. *See, e.g., Gezmu v. United States,* 375 A.2d 520, 522 (D.C.1977). Furthermore, the prosecutor did not, as appellant suggests, elicit this testimony against the trial court's instructions; on the contrary, the court permitted the question and allowed the jury to hear the answer. Because defense counsel failed to object, appellant must now demonstrate plain error in order to win reversal on this ground. *Watts v. United States,* 362 A.2d 706, 709 (D.C.1976) (en banc). She has clearly not done so.

*Affirmed.*