**Gerald H. SMITH, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 00–CF–1169.**

District of Columbia Court of Appeals.

Argued March 21, 2002.
Decided Dec. 31, 2002.

---

Ian A. Williams, appointed by the court, with whom Kyle A. McGonigal was on the brief, Washington, for appellant.

Susan H. Rhee, Assistant United States Attorney, with whom Roscoe C. Howard, Jr., United States Attorney, and John R. Fisher, Thomas J. Tourish, Jr., and Deborah L. Connor, Assistant United States Attorneys, for appellee.

Before TERRY, STEADMAN, and FARRELL, Associate Judges.

TERRY, Associate Judge.

After a non-jury trial, appellant Gerald Smith was convicted of attempted second-degree cruelty to children. His sole argument on appeal is that the evidence was insufficient to prove that he had the necessary intent required for a conviction. We affirm.

I

Appellant and Antonia Kral are the parents of Victoria Kral, who was born on December 24, 1997. Sometime in 1999 Ms. Kral ended her romantic relationship with appellant and began dating another man. Despite this turn of events, however, Ms. Kral and appellant maintained a "parental friendship."

On August 23, 1999, while appellant was visiting Ms. Kral at her home, the two of them became involved in a heated argument. Several nearby residents saw appellant, Ms. Kral, and twenty-month-old Victoria outside Ms. Kral's home and heard the two adults quarreling. When

Rose Scott, one of those neighbors, went outside to ask them to lower their voices, she saw appellant holding the child and tossing her in the air while Ms. Kral repeatedly demanded that he "give me my child." Appellant was not tossing the child very high, but Ms. Scott thought that it was "enough so where he shouldn't have been doing that." Ms. Scott also thought appellant was drunk because she saw beer cans nearby and noticed that his speech was slurred. The third time Ms. Scott saw appellant toss Victoria in the air, he dropped her. The child hit the ground with her knees, head, and hands.

A short time later Officer Oscar Mouton was flagged down by another neighbor. When he came on the scene, the officer saw appellant holding the child in his arms like a football. She was crying and had what appeared to be a fresh abrasion on the left side of her forehead. Officer Mouton took the child away from appellant, placed him under arrest,[1] and called for an ambulance to have the child examined.

Appellant and Ms. Kral admitted having an argument about who would watch Victoria while Ms. Kral was working the next day. They both claimed, however, that the abrasion on Victoria's head occurred when she lost her balance and fell out of appellant's lap while he was trying to tie her shoelaces. Appellant said that this happened earlier in the day and that he was not arrested until he came back to Ms. Kral's house later that evening. He stated that he had "a beer, a couple" in the interim.

The court found appellant guilty of attempted second-degree cruelty to children. It credited the government's witnesses and found that the testimony of appellant and Ms. Kral was "not believable." The court said it did not believe appellant intended to drop the child, nor did it think that simply tossing a child in the air itself was a violation of the law. The court found, however:

> When you put the conduct together with the fact of his emotional state, his drinking, that he's holding the child, and his actions with the child even after the child had been dropped, holding the child like a football while the child cried for its mother, when you put that behavior together, his anger, his drinking, his behavior with the child after the incident, it rises to the level in the court's view as recklessness as required by law.

## II

Appellant challenges the sufficiency of the evidence against him, arguing that he did not have the required mental state to be convicted of attempted second-degree cruelty to children.

Under D.C.Code § 22–1101(b)(1) (2001),[2] a person who "intentionally, knowingly, or recklessly . . . maltreats a child or engages in conduct which causes a grave risk of bodily injury to a child" is guilty of second-degree cruelty to children. The trial court found that appellant violated this statute by acting recklessly when, in the circumstances presented here, he tossed Victoria into the air. Appellant, however, was charged only with attempted second-degree cruelty to children under D.C.Code § 22–1803, which makes it a crime to attempt to commit another

---

1. The man who flagged down Officer Mouton told him that appellant was in violation of a stay-away order involving Ms. Kral. Appellant was initially arrested for violating the order, but that charge was dropped when appellant was later charged with the instant offense.

2. Formerly codified as D.C.Code § 22–901(b)(1) (1996).

crime.[3] He now contends that because the trial court found he was acting recklessly and did not intend to harm Victoria, he did not have the specific intent required to be convicted of attempted cruelty to children. He seems to be asserting that the government was required, but failed, to prove that he specifically intended to injure his child.

■ To speak of "specific intent" in the context of a prosecution for attempted anything is, in our view, somewhat misleading. The only intent required to commit the crime of attempt is an intent to commit the offense allegedly attempted. *Wormsley v. United States*, 526 A.2d 1373, 1375 (D.C.1987) (the government must "prove an overt act done with the intent to commit a crime, and which, except for some interference, would have resulted in the commission of the crime" (citation omitted)); *accord, Blackledge v. United States*, 447 A.2d 46, 49 (D.C.1982) ("the government must prove ... that appellant had the intent to commit the crime and that he performed some act towards its commission"); *Stepney v. United States*, 443 A.2d 555, 557 (1982); *Marganella v. United States*, 268 A.2d 803, 804 (D.C. 1970). The standard "red book" jury instruction states that the government must prove beyond a reasonable doubt that the defendant "specifically intended to commit the crime," CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA, No. 4.04 (4th ed.1993), and for that proposition, the comment to the instruction cites *Stepney* and *Marganella*. But neither of those cases uses the term "specific intent," and *Marganella* makes clear that every element of the completed crime does not have to be proved when the defendant is charged only with an attempt to commit that crime. *See* 268 A.2d at 804 (citing *Franczkowski v. State*, 239 Md. 126, 127, 210 A.2d 504, 505 (1965)). In light of these precedents, we hold that the government had to prove only that appellant intended to commit the acts which resulted in the injury (or the grave risk of injury) to the child, not that he had a specific intent to injure the child.

■ Moreover, in *Evans v. United States*, 779 A.2d 891 (D.C.2001), this court reiterated the established principle that "[e]very completed criminal offense necessarily includes an attempt to commit that offense." *Id.* at 894 (D.C.2001) (citing *Ray v. United States*, 575 A.2d 1196, 1199 (D.C. 1990)); *accord, United States v. Fleming*, 215 A.2d 839, 841–842 (D.C.1966). Our decision in *Evans* necessarily means that when an attempt is proven by evidence that the defendant committed the crime alleged to have been attempted, the intent required to commit the crime of attempt can be no greater than the intent required to commit the completed crime. To hold otherwise would create the anomalous result that appellant could be convicted of the completed crime of cruelty to children but, on the same facts, could not be convicted of an attempt to commit that same crime.[4]

**3.** D.C.Code § 22–1803 (2001), formerly codified as D.C.Code § 22–103 (1996), states, "Whoever shall attempt to commit any crime ... shall be punished by a fine not exceeding $1,000 or by imprisonment for not more than 180 days, or both."

**4.** In the alternative, appellant argues that his intoxication negates any specific intent that he may have had. Appellant never raised this defense at trial, however, nor was there any evidence that he was intoxicated to such a degree that his intoxication negated his intent. *See Smith v. United States*, 309 A.2d 58, 59 (D.C.1973) (intoxication is a defense only if it is "such a degree of complete drunkenness that a person is incapable of forming the necessary intent essential to the commission of the crime charged" (citation omitted)). Because this issue was not raised at trial, we decline to consider it on appeal.

■ Therefore, following *Evans, Ray,* and *Fleming,* we hold that proof of the crime of second-degree cruelty to children is sufficient to convict a defendant of attempted second-degree cruelty to children. In this case, the trial court found that appellant recklessly engaged in activity which caused a grave risk of injury to Victoria when he tossed her in the air while he was both intoxicated and in a heated argument with Ms. Kral. The court further found, and we agree, that these facts were sufficient to support a conviction for second-degree cruelty to children. This ruling was not plainly wrong, nor was it lacking in evidentiary support. *See* D.C.Code § 17–305(a) (2001).

Appellant maintains, in addition, that the court was required to find that he acted with malice in order to convict him of the underlying crime of second-degree cruelty to children. To support this argument, he relies on *Carson v. United States,* 556 A.2d 1076, 1077–1078 (D.C.1989), which interpreted a former version of D.C.Code § 22–1101[5] as requiring a showing of malice, even though cruelty to children was only a "general intent crime."[6] *Carson* is inapposite, however, because in 1994 the cruelty to children statute was rewritten. It now prohibits actions constituting cruelty to children if those actions are done "intentionally, knowingly, or recklessly." The statute, as thus revised, no longer requires proof of malice. *See Jones v. United States,* 813 A.2d 220, 223–25 (D.C. 2002). We therefore conclude that the trial court did not err in finding that appellant violated the law by acting recklessly.

---

**5.** For the version of the statute interpreted in *Carson, see* D.C.Code § 22–901 (1981), quoted in *Carson,* 556 A.2d at 1078 n. 1.

**6.** It is still a general intent crime. Under the current version of D.C.Code § 22–1101, spe-

### III

We hold that when there is sufficient evidence to support a conviction of cruelty to children, there is also sufficient evidence to support a conviction of attempted cruelty to children. We further hold that there was sufficient evidence in this case to permit appellant to be found guilty of second-degree cruelty to children. The judgment is therefore

*Affirmed.*

cific intent is not an element of second-degree cruelty to children. *See* CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA, No. 4.13(B) (4th ed. 1993 & 1996 Supp.).