BECKWITH, Associate Judge,
concurring:
In arguing that attempted threats is not a valid crime in the District, Mr. Jones relies on the Supreme Court’s decision in Braxton v. United States, 500 U.S. 344, 111 S.Ct. 1854, 114 L.Ed.2d 385 (1991), which stated that the elements “for an ‘attempt’ at common law ... include a specific intent to commit the unlawful act.” Id. at 351 n. *, 111 S.Ct. 1854 (citing *133 Morissette v. United States, 342 U.S. 246, 263, 72 S.Ct. 240, 96 L.Ed. 288 (1952)). I write separately to make note of an inconsistency in our case law regarding the extent to which this common law proposition applies in the District of Columbia.
In Sellers v. United States, 131 A.2d 300 (D.C.1957), the Municipal Court of Appeals for the District of Columbia defined the elements of attempt as follows: “any overt act done with intent to commit the crime and which, except for the interference of some cause preventing the carrying out of the intent, would have resulted in the commission of the crime.” Id. at 301 (quoting 14 Am. Jur., Criminal Law, § 65, p. 813). Thirty years later, in Wormsley v. United States, 526 A.2d 1373 (D.C.1987), this court upheld the appellant’s conviction for attempted taking property without right after concluding that the record contained sufficient evidence that she intended to steal a dress because of her “apparent dissemblance in folding the blue dress and concealing it inside her sweater, as well as her change of story about what she had done with the dress.” Id. at 1375. Appellant’s specific intent to commit a crime was central to the court’s holding, even though the underlying crime required only general intent to commit the act constituting the crime. See Fogle v. United States, 336 A.2d 833, 835 (D.C.1975).[1]
Then in Ray v. United States, 575 A.2d 1196 (D.C.1990), we stated that “[e]very completed criminal offense necessarily includes an attempt to commit that offense.” Id. at 1199 (holding that appellant was guilty of the “attempted-battery” type of assault even though the evidence showed a completed battery).[2] In reaching this conclusion, Ray did not grapple with Worms-ley ’s premise that an attempt requires specific intent. We later applied Ray to an attempted threats charge under D.C.Code §§ 22-407 and -1803 in Evans v. United States, 779 A.2d 891 (D.C.2001), holding that the government could charge attempted threats “even though it could prove the completed offense.” Id. at 894. In other words, the government needed only to prove general intent to sustain a conviction for attempted threats. See also Jenkins v. United States, 902 A.2d 79, 87 (D.C.2006) (noting that Evans analyzed threats as a general intent crime). While the court in Evans acknowledged Wormsley’s holding on attempt, Wormsley did not control its analysis. Relying principally on Ray, the court explained that “[o]ur decisions have repeatedly held that ‘a person charged with an attempt to commit a crime may be convicted even though the evidence shows a completed offense, not merely an attempt.’ ” Evans, 779 A.2d at 894 (quoting Ray, 575 A.2d at 1199).
In Smith v. United States, 813 A.2d 216 (D.C.2002), this court recognized the difficulty of the attempt issue, stating that “[t]o speak of ‘specific intent’ in the context of a prosecution for attempted anything is, in our view, somewhat misleading.” Id. at 219. The court reiterated *134 Wormsley’s premise that “[t]he only intent required to commit the crime of attempt is an intent to commit the offense allegedly attempted.” Id. (citing Worms-ley, 526 A.2d at 1375). But the court also stated that “[o]ur decision in Evans necessarily means that when an attempt is proven by evidence that the defendant committed the crime alleged to have been attempted, the intent required to commit the crime of attempt can be no greater than the intent required to commit the completed crime.” Id. (citing Evans, 779 A.2d at 894). The court then held that there was sufficient evidence of attempted second-degree cruelty to children when the appellant “intended to commit the acts which resulted in ... the grave risk of injury” to the child, even though he did not intend to injure the child. Id. at 219-20.
Yet while Evans continues to feature prominently in our case law,[3] other recent cases have required specific intent for an attempt conviction. For example, in Brawner v. United States, 979 A.2d 1191 (D.C.2009), the court held that for an attempted escape conviction, the government must prove “the mental state of intending to commit the underlying offense,” that is, “intent to escape,” even though a charge for a completed escape did not involve such intent. Id. at 1194. And in Dau-phine v. United States, 73 A.3d 1029 (D.C. 2013), this court held that animal cruelty is a general intent crime but nonetheless stated that “where the government charges an individual with attempt, as it did here, the government must demonstrate that the defendant possessed the intent to commit the offense allegedly attempted.” Id. at 1033 (citation and internal quotation marks omitted). We held that the record contained sufficient evidence that the “appellant acted with intent to commit the crime of cruelty to animals,” and we affirmed her conviction. Id.
The Wormsley-Brawner-Dauphine line of cases requiring the government to prove specific intent to commit the crime intended appears to be in direct tension with the Evans-Smith line of cases that does not require such proof.[4] Because Mr. Jones’s case arises on plain error review, however, we need not resolve this tension in our jurisprudence, and we need not decide whether Mr. Jones is correct that the common law intent element for attempt as articulated by the Supreme Court in Brax-ton is the law of this jurisdiction.

. Fogle held that the government did not need to prove "an intent to violate the law” to be guilty of taking property without right, upholding a conviction based on unauthorized removal of automobiles even though the appellant “believed that he had been authorized by the property managers to do so.” Id.

. Ray relied in part on United States v. Fleming, 215 A.2d 839 (D.C.1966), which rejected "the rule that a defendant charged with an attempt must be acquitted if shown to have committed the full offense.” Id. at 841-42. But Fleming did not state — as Ray did — that any completed offense necessarily includes the attempt. Fleming simply stands for the proposition that failure is not an essential element of an attempt; it neither discussed nor implied what mens rea is required when the government charges an attempt as opposed to the completed charge.

. See, e.g., Lewis v. United States, 95 A.3d 1289, 1291 (D.C.2014); Newman v. United States, 49 A.3d 321, 324 (D.C.2012).

. As the elements of a crime are determined by what offense the government charges, not ■ by what evidence it presents at trial, Evans and Smith cannot be! distinguished from Wormsley, Brawner, and Dauphine on the ground that the government proved a com.pleted offense in the former cases and an attempted offense in the latter. Cf. United States v. Gaudin, 515 U.S. 506, 522-23, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995) ("The Constitution gives a criminal defendant the right to have a jury determine, beyond a reasonable doubt, his guilt of every element of the crime with which he is charged.”).