FISHER, Associate Judge, dissenting:
Over the last century this court and its predecessors have tried many times, with mixed success, to define the common law crime of assault; some of the things we have said are difficult to reconcile. This case, which was prosecuted as a traditional clubbing with a beer bottle but morphed into something quite different, presents a fresh challenge.
The premise of the majority opinion is that we recognize only three types of assault: attempted battery, intent-to-frighten, and offensive sexual touching. In other words, my colleagues conclude, there is no separate category of non-sexual offensive touching -- if this conviction is to be upheld, it must qualify as an attempted battery assault.
I do not read our decisions so restrictively. For example, this court sitting en banc has recognized that the crime of simple assault "is designed to protect not only against physical injury, but against all forms of offensive touching." Comber v. United States , 584 A.2d 26, 50 (D.C. 1990) (en banc). By way of illustration, Comber cited not only a case of offensive sexual touching but also Ray , where the defendant was convicted for spitting on another person.
*605 The decision in Ray sends mixed signals. At some points it focuses on whether the act of spitting "was an attempt, with force or violence, to injure another" and concludes that "[s]ince it is an application of force to the body of the victim, ... it is an assault punishable under" the D.C. Code. 575 A.2d 1196, 1198, 1199 (D.C. 1990). At another point we distilled from our cases "that an assault conviction will be upheld when the assaultive act is merely offensive, even though it causes or threatens no actual physical harm to the victim." Id. at 1199.
But perhaps there is no real difference here at all, merely "a more specialized legal usage of the word 'force.' " Johnson v. United States , 559 U.S. 133, 139, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010) (discussing the common law crime of battery). "The common law held [the] element of 'force' to be satisfied by even the slightest offensive touching." Id. ; see also Id. at 146, 130 S.Ct. 1265 (Alito, J., dissenting) ("The term 'force,' as the Court correctly notes, had a well-established meaning at common law that included even the 'slightest offensive touching.' ").
Nevertheless, the idea of unconsented or offensive touching should not be carried too far. Our decision in Mahaise is especially mischievous. Noting that "every completed battery necessarily includes an assault," we asserted that "[a] battery is any unconsented touching of another person." 722 A.2d 29, 30 (D.C. 1998). Taken literally, the latter proposition cannot (or at least should not) be true. If, during a pleasant conversation, I gently place my hand on a man's shoulder without first obtaining his consent, I should not be subject to prosecution for assault. In those circumstances I would have no reason to anticipate that he would find my friendly gesture offensive.
But it would be quite different if he recoiled in horror and sternly told me, "Don't ever do that again." If I defiantly touch him again in the same manner, I should not be surprised if he either punches me in the nose or complains to the police about an offensive touching. Judge Wynn thought the present case fit this scenario. Assessing whether the conduct would be "objectively offensive to a person of reasonable sensibility," she concluded "that objectively a person reasonably would find that intentional contact after the warning to be objectionable and offensive." Given the present state of our law, I cannot say she was wrong.