*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 13-CM-321

CHARLES LEWIS, APPELLANT,

v.

UNITED STATES, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(CMD-20747-12)

(Hon. Marisa Demeo, Trial Judge)

(Submitted April 24, 2014                    Decided July 31, 2014)

*McGennis Williams* was on the brief for appellant.

*Ronald C. Machen Jr.*, United States Attorney, and *Elizabeth Trosman*, *Christine Macey*, and *Lauren R. Bates*, Assistant United States Attorneys, were on the brief for appellee.

Before GLICKMAN and BECKWITH, *Associate Judges*, and NEBEKER, *Senior Judge*.

NEBEKER, *Senior Judge*: Appellant, Charles Lewis, challenges the sufficiency of the evidence to establish his conviction for one count of misdemeanor attempted threats to do bodily harm. For the reasons stated below, we reverse and remand with instructions to enter judgment of acquittal.

**I.**

On December 4, 2012, Metropolitan Police Department officers Christopher Vandayburg and Duran Gunnells arrested appellant for theft in a Giant Food store located at 1345 Park Road, N.W.  The officers handcuffed appellant, searched him for weapons, and sat him on a bench near the store entrance, at which point appellant became irate and began yelling derogatory names at the officers. Appellant also stood up and refused to comply with repeated orders from the officers to stay seated.  Appellant then looked at Officer Gunnells, and began approaching him, yelling "that he was lucky that we didn't get him (arrest him) when [ ] he had his gun on him, because he would have blown my partner's god-damned head off."

Appellant was charged with misdemeanor attempted threats, in violation of D.C. Code § 22-407, and second-degree theft, in violation of D.C. Code §§ 22-3211, -3212 (b).  The second-degree theft charge was dismissed for want of prosecution.  A bench trial was conducted on March 15, 2013, and the judge found appellant guilty of attempted threats.  Appellant was sentenced to sixty days' incarceration, with credit for time served, and ordered to pay $50 to the Victims of

Violent Crime Fund.  On March 26, 2013, appellant appealed this judgment of conviction.

## II.

Appellant claims that the government failed to prove beyond a reasonable doubt that his statement would cause a person to reasonably believe the threatened harm would take place, or that he intended to utter the words as a threat.  In assessing challenges to the sufficiency of the evidence, we "view the evidence 'in the light most favorable to the government, giving full play to the right of the [fact-finder] to determine credibility, weigh the evidence, and draw justifiable inferences of fact.'"  *Gibson v. United States*, 792 A.2d 1059, 1065 (D.C. 2002) (quoting *Curry v. United States*, 520 A.2d 255, 263 (D.C. 1967)).  Appellant can prevail "only where there is no evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt."  *Gibson*, 792 A.2d at 1065.

"'Every completed criminal offence necessarily includes an attempt to commit that offense.'"  *Evans v. United States*, 779 A.2d 891, 894 (D.C. 2001) (quoting *Ray v. United States*, 575 A.2d 1196, 1199 (D.C. 1990)).  To establish a conviction for threats to do bodily harm, the government must prove:  (1) "that the

defendant uttered the words to another person," (2) "that the words were of such a nature as to convey fear of serious bodily harm or injury to the ordinary hearer," and (3) "that the defendant intended to utter the words which constitute[d] the threat." *Carrell v. United States*, 80 A.3d 163, 171 (D.C. 2013) (quoting *Campbell v. United States*, 450 A.2d 428, 431 n.5 (D.C. 1982)).

Appellant concedes that the government met its burden as to the first element of the offense because Officer Vandayburg heard appellant make the statement to Officer Gunnells "that [he] was lucky that [he] didn't get him when [ ] he had his gun on him, because he would have blown [his] god-damned head off." We conclude, however, that there was insufficient record evidence to satisfy the second element of the offense. Although "[n]o precise words are necessary to convey a threat," *Griffin v. United States*, 861 A.2d 610, 616 (D.C. 2004) (internal quotations omitted), appellant's words must still be able to induce "fear of serious bodily harm or injury to the ordinary hearer." *Carrell*, 80 A.3d at 171. While we have found that threats "conditioned upon a future happening would tend to generate fear in direct proportion to the likelihood of the condition coming to pass," we have also explained that a "[t]hreat on a condition that [a] victim believes will never occur cannot be actionable." *Postell v. United States*, 282 A.2d 551, 553 (D.C. 1971) (discussing favorably appellant's argument that there is no

threat where the "condition [of] the threat becomes so remote as not to connote a menace or to create alarm.").

In the instant case, appellant's statement could not have induced fear of bodily injury in the ordinary hearer as it was a past conditional statement that hinged on an impossibility—appellant's possession of a gun at the time of arrest. Officer Vandayburg testified that when he and Officer Gunnells arrested appellant, they searched him thoroughly and found that he did not have a gun. Additionally, appellant only made the statement after he was arrested and placed in handcuffs, when he no longer posed a physical threat to the two officers. Although appellant made the statement while disobeying the officers' orders to sit down, the statement can most aptly be described as an expression of appellant's frustration over his arrest, rather than a serious threat of bodily harm. Our cases have stressed that the context in which words are spoken is critical and that "the circumstances . . . and the relations between the parties may be taken into consideration." *E.g.*, *Postell*, 282 A.2d at 553 (internal quotation omitted). As Officer Vandayburg testified, when people are arrested they "typically yell and blurt stuff."

Furthermore, appellant's past conditional statement, reasonably construed, did not carry a future likelihood of the same intent and capacity. It would be

unfounded for the ordinary hearer to presume that appellant's statement carried an implied future threat that appellant would hunt down and injure Officer Gunnells at some later time. We therefore conclude that the court erred in finding that an ordinary person would have heard appellant's statement and reasonably feared imminent or future bodily harm or injury. Having found insufficient evidence to support the second element of the offense, we need not address the third element.[1]

We hold that there was insufficient evidence to enable the trial court to determine beyond a reasonable doubt that the government proved that appellant was guilty of misdemeanor attempted threats to do bodily harm.

Accordingly, for the reasons stated above, we reverse and remand with instructions to enter a judgment of acquittal.

*So ordered.*

---

[1] Appellant raises a First Amendment claim for the first time on appeal, alleging that his "arrest for threats was an encroachment on his First Amendment right of free speech." The trial judge was not "fairly apprised" of this constitutional claim and we therefore need not consider it. *Gilchrist v. United States*, 954 A.2d 1006, 1012-13 (D.C. 2008). Even if we were to review appellant's First Amendment claim, it fails under the test for plain error review as appellant provides no evidence that the error "seriously affect[ed] the fairness, integrity, or public reputation of [the] judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 466-67 (1997) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)).